FILED

2018 AUG 23 AM 9: 15

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VICTORIA ZADEH,  CASE NO.:

    Plaintiff,

vs.  8:18 cv 2099 T 36 AEP

BANK OF AMERICA, NATIONAL  DEMAND FOR JURY TRIAL
ASSOCIATION

    Defendant.

_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiff, Victoria Zadeh (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sue Defendant, Bank of America, National Association (hereafter "Defendant"), and state as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1299, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

1



original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

## FACTUAL ALLEGATIONS

3. Plaintiff is an individual residing in Pinellas County, Florida.

4. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2) and the FDCPA, 15 U.S.C. § 1692(a)(3).

5. Defendant is a nationally chartered bank and registered with the Florida Department of State, Division of Corporations with headquarters located in Charlotte, North Carolina.

6. Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and by the FDCPA, 15 U.S.C. §1692a(4), and does business throughout the state of Florida, including Pinellas County, Florida.

7. Defendant is a "debt collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Pinellas County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendant's sending of emails to Plaintiff's email address in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt relating to an account in the name of Plaintiff ending in -1846.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

12. Plaintiff revoked any prior express consent to contact Plaintiff via email or any other form of communication on July 10, 2018, when Plaintiff advised Defendant via facsimile transmission to cease any and all communication to Plaintiff's cellular telephone.

13. All emails to Plaintiff's email address were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

14. In addition to the request not to be contacted by Defendant, on July 10, 2018, Plaintiff directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

15. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff.

16. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

17. Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

18. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

19. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

20. Specifically, Defendant continued to place emails to Plaintiff's email address despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, Victoria Zadeh, demands judgment against Defendant, Bank of America, National Association, for the following relief:

      a.    any actual damages sustained by Plaintiff as a result of the above allegations;

      b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

      c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

      d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff(s); and

      e.    any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

21.    Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

22.    Defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

23.    Specifically, Defendant continued to place emails to Plaintiff's email account despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, Victoria Zadeh, demands judgment against Defendant, Bank of America, National Association, for the following relief:

      a.    any actual damages sustained by Plaintiff as a result of the above allegations;

      b.    statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c.  in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d.  any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
Victoria Zadeh

Date: August 15, 2018

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@bosslegal.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 449-8792
**Attorney for Plaintiff**